# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DELORES FEATHERSTONE, individually and on behalf of all others similarly situated, | **COLLECTIVE ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Plaintiff, | Case No: |
| v. | Hon. |
| FCA US, LLC, a Michigan limited liability company, | |
| Defendant. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Delores Featherstone, individually and on behalf of all others similarly situated, by and through her undersigned attorneys, hereby brings this Collective Action against FCA US, LLC to recover unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief as appropriate under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq*. Plaintiff's allegations herein are based upon knowledge as to matters relating to herself and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

1

2. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

3. Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce and therefore they are also covered by the FLSA on an individual basis.

4. Venue lies in in this District pursuant to 28 U.S.C. § 1391 because the Defendant is incorporated in this District and subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiff, Delores Featherstone ("Plaintiff" or "Featherstone"), is an adult resident of Detroit, Michigan and is a current employee of FCA US, LLC since September 2020. Ms. Featherstone's consent to joint form is attached as *Exhibit A*.

6. Additional putative Collective members were or are employed by Defendant as hourly employees during the past three years and their consent forms will also be filed in this case.

7. Defendant, FCA US, LLC ("FCA"), is a Michigan limited liability company whose registered agent is The Corporation Company, with a registered

address of 229 Brookwood Dr., Suite 14, South Lyon, Michigan 48178.

8. According to FCA's website, its U.S. headquarters is located at 1000 Chrysler Drive, Auburn Hills, Michigan 48326.

9. According to its website, "FCA is the eighth-largest automaker in the world based on total annual vehicle sales." Its "brands include Abarth, Alfa Romeo, Chrysler, Dodge, Fiat, Fiat Professional, Jeep, Lancia, Maserati and Ram vehicles."[1]

10. Upon information and belief, FCA's annual revenues often exceed $100 billion.

## STATEMENT OF FACTS

11. On or about September 25, 2020, FCA hired Featherstone as an hourly assembly worker and she worked in multiple Michigan locations, including the Warren Truck Assembly facility and the Jefferson North Assembly facility.

12. Initially, Featherstone was paid at the base hourly rate of $15.78; in February 2021, FCA raised Featherstone's base hourly rate to $17.51; in October 2021, FCA again raised Feathertone's base hourly rate to $18.54.

13. Featherstone remains an FCA employee and her current base hourly rate remains at $18.54.

14. In addition to the base rate of pay, FCA incorporated various routine and non-discretionary bonuses into its payment structure. For example, FCA

---

[1] https://careers.fcagroup.com/about-us/ (last visited February 5, 2023).

promised its hourly employees shift premium pay, an annual profit-sharing bonus, performance awards, and other forms of remuneration.

15. Throughout Featherstone's employment with FAC, on occasions where she worked the second shift, she also earned a shift premium worth approximately 5% of her base hourly rate.

16. Featherstone and FCA's other hourly employees were eligible for, and regularly received, various routine and non-discretionary bonuses in addition to their base hourly rate and any shift premiums.

17. However, FCA failed to take its shift premiums and non-discretionary bonuses into consideration when calculating its hourly employees' regular rate of pay and resulting overtime rate premium. As a result, FCA did not pay the proper overtime rate under the FLSA.

18. As non-exempt employees, FCA's hourly employees were entitled to full compensation for all overtime hours worked at a rate of 1.5 times their "regular rate" of pay.

19. Under FLSA, the regular rate is the "keystone" to calculating the correct overtime rate. *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419 (1945). It is "the hourly rate actually paid the employee for the normal, nonovertime workweek for which he is employed." 29 C.F.R. §778.108.

20. No matter how an employee is paid—whether by the hour, by the piece, on a commission, or on a salary—the employee's compensation must be converted to an equivalent hourly rate from which the overtime rate can be calculated. 29 C.F.R. §778.109. "The regular hourly rate of pay is determined by dividing the employee's total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*.

21. FCA's shift premiums, non-discretionary bonuses, and other remuneration do not fall within any of the statutory exclusions from the regular rate as provided in 29 U.S.C. §§ 207(e)(1)-(8).

22. There is a statutory presumption that remuneration in any form must be included in the regular rate calculation. Defendants carry the burden to establish that any payment should be excluded. *Acton v. City of Columbia, Mo*., 436 F.3d 969, 976 (8th Cir. 2006) (citing *Madison v. Resources for Human Dev. Inc.*, 233 F.3d 187 (3rd Cir. 2000)). Thus, determining the regular rate starts from the premise that all payments made to FCA's hourly employees for work performed are included in the base calculation unless specifically excluded by statute.

23. Once the total amount of an employee's "regular" compensation is deduced, "the determination of the regular rate becomes a matter of mathematical computation." *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 425

5

(1945). The regular rate must be expressed as an hourly rate because, although any method of compensating an employee is permitted, the FLSA imposes its overtime requirements in terms of hourly wages. Thus, if necessary, an employer must convert an employee's wages to an hourly rate to determine compliance with the statute.

24. Plaintiff's "total remuneration" included not only her base hourly pay, but also any shift premiums and non-discretionary bonuses. Indeed, 29 C.F.R. § 548.502 expressly provides that "[e]xtra overtime compensation must be separately computed and paid on payments such as bonuses or shift differentials which are not included in the computation of the established basic rate…."; *see also* 29 C.F.R. §778.207(b) (Under FLSA, the regular rate of pay must consist of all forms of remuneration including non-discretionary bonuses and "such extra premiums as night shift differentials… and premiums paid for hazardous, arduous, or dirty work.").

25. However, FCA failed to incorporate any shift premiums and non-discretionary bonuses into its hourly employees' regular hourly rate calculation, resulting in *prima facie* violations of the FLSA.

26. Consistent with Section 7(a) of the Fair Labor Standards Act, Plaintiff and those similarly situated are entitled to overtime pay equal to 1.5 times their regular rate of pay for hours worked in excess of forty (40) hours per week.

27. Plaintiff and those similarly situated have regularly worked in excess

of 40 hours a week and have been paid some overtime for those hours but at a rate that does not include Defendant's shift premiums and non-discretionary bonuses as required by the FLSA.

28. For example, Plaintiff's pay stub for the pay period 5/23/2022 through 5/29/2022 shows 53 hours of work, a base hourly rate of $18.54, and gross earnings of $1,168.02 inclusive of $55.62 in shift premium pay. However, her overtime rate does not account for the shift premium and, therefore, violates the FLSA.

29. In another example, Plaintiff's pay stub for the pay period 1/4/2021 through 1/10/2021 shows 55.2 hours of work, a base hourly rate of $15.78, and gross earnings of $1,047.16 inclusive of $49.86 in shift premium pay. However, her overtime rate does not account for the shift premium and, therefore, violates the FLSA.

30. In another example, Plaintiff's pay stub for the pay period 12/14/2020 through 12/20/2020 shows 47.3 hours of work, a base hourly rate of $15.78, and gross earnings of $844.19 inclusive of $40.20 in shift premium pay. However, her overtime rate does not account for the shift premium and, therefore, violates the FLSA.

31. Moreover, to the extent FCA's non-discretionary bonuses were required to be allocated among multiple workweeks for purposes of calculating the FLSA regular rate (*see e.g.*, 29 C.F.R. § 778.209), FCA also failed to incorporate

7

those bonuses into its calculations.

32. For example, on March 11, 2022, FCA paid Plaintiff an annual profit sharing bonus but failed to include that payment in its regular rate calculations as required by the FLSA. This bonus was not excludable from the regular rate calculations under Section 207(e).

33. In another example, on June 10, 2022, FCA paid Plaintiff a performance bonus but failed to include that payment in its regular rate calculations as required by the FLSA. This bonus was not excludable from the regular rate calculations under Section 207(e).

34. FCA paid Plaintiff, and its other hourly employees, additional non-discretionary remuneration that FCA failed to include in the regular rate calculation.

35. As a result of these *prima facie* FLSA violations, Defendant is liable to Plaintiff and those similarly situated for unpaid wages, liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

36. Pursuant to 29 U.S.C § 216(b), Plaintiff brings this action on behalf of all FCA hourly employees who: (a) received shift premium pay, non-discretionary bonuses, and/or other compensation for work performed from three years from the date of the filing of this lawsuit until the present; and (b) whose overtime rates during

this period did not account for this pay as required by FLSA and its attendant regulations.

37. Plaintiff and putative Collective Members are "similarly situated" as that term is used in 29 U.S.C § 216(b) because, among other things, all such individuals were eligible for and did receive the shift premium pay and non-discretionary bonuses, but such pay was not calculated as part of their regular rate as required by the FLSA.

38. Upon information and belief, Defendant utilized a centralized payroll system which calculated overtime pay for all similarly situated employees in the same or similar manner.

39. Resolution of this action requires inquiry into common facts.

40. These similarly situated individuals are known to the Defendant, are readily identifiable, and can be located through Defendant's payroll records, which Defendant is required to maintain pursuant to the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516 *et seq*.

41. Conditional certification of this case as a collective action pursuant to 29 U.S.C § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for

unpaid overtime compensation, liquidated damages and/or interest, and attorneys' fees and costs under the FLSA.

42. There are thousands of similarly situated current and former FCA employees who have not been paid their required overtime rates and who would benefit from the issuance of court-authorized notice of this lawsuit and the opportunity to join it.

**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,
29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME**

43. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

44. FCA US, LLC is an employer within the meaning of 29 U.S.C § 203(d).

45. Plaintiff is an employee within the meaning of 29 U.S.C C 203(e).

46. The Fair Labor Standards Act and its implementing regulations require that the regular rate of pay include all forms of remuneration. Section 207(e) outlines eight exceptions where payments to employees may not be included in the regular rate. Defendant's shift premiums and non-discretionary bonuses do not fall into any of those exceptions.

47. FCA failed to include shift premiums and non-discretionary bonuses into the regular rate of pay for Plaintiff and all others similarly situated when calculating overtime rates. The failure to include this remuneration in overtime computations violates Section 7(a) of the FLSA, because Defendants' hourly

10

employees are working overtime without being paid the statutorily required rates. 29 U.S.C § 207(a).

48. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and all putative collective members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

49. As a result of Defendant's willful failure to compensate Plaintiff and the putative collective members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including but not limited to 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Plaintiff and all others similarly situated are entitled to backpay as well as liquidated damages in an amount equal to their back pay. As a result of Defendant's FLSA violations, Plaintiff and all others similarly situated are owed overtime wages at a rate to be calculated by taking the difference between the overtime they should have received for each workweek and the overtime they did receive during the same time period calculated using the incorrect regular rate. The exact amount can be readily determined using payroll and other employment records

Defendant is statutorily required to maintain under FLSA 29 U.S.C. § 211(c).

51.     Plaintiff and all others similarly situated are entitled to back pay, liquidated damages in an amount equal to their back pay, plus attorney's fees, costs, and other relief as appropriate under the statute. 29 U.S.C. § 216(b).

## RELIEF REQUESTED

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, requests the following relief:

a.  Designation of this action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and an order directing Defendant to provide Plaintiff a list of all persons employed by it who were eligible for and did receive any shift premium, non-discretionary bonus, and/or any other non-excludable form of compensation in at least one workweek where they also worked over 40 hours. This list shall include the last known addresses, emails, and telephone number of each such person, so that Plaintiff can give those individuals notice of this action and an opportunity to make an informed decision about whether to participate;

b.  A complete accounting of all the compensation Plaintiff and all others similarly situated are owed;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d.  A monetary judgment awarding full back pay and an equal amount in liquidated damages;

e.  An award of pre-judgment and post-judgment interest;

f.  An award of costs and expenses of this action together with reasonable attorneys' fees, and an award of a service payment to the named Plaintiff; and

g.  Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this complaint that are so triable as a matter of right.

Date: February 10, 2023                    Respectfully submitted,

*/s/Jesse L. Young*
Jesse L. Young (P72614)
**SOMMERS SCHWARTZ, P.C.**
141 E. Michigan Avenue, Suite 600
Kalamazoo, Michigan 49007
(269) 250-7500
jyoung@sommerspc.com

Kevin J. Stoops (P64371)
**SOMMERS SCHWARTZ, P.C.**
One Town Square, 17th Floor
Southfield, Michigan 48076
(248) 355-0300
kstoops@sommerspc.com

Jonathan Melmed (CA SBN 290218)
Laura Supanich (P85849) (CA SBN 314805)
**MELMED LAW GROUP, P.C.**
1801 Century Park East, Suite 850
Los Angeles, CA 90067
(310) 824-3828
jm@melmedlaw.com
lms@melmedlaw.com

*Attorneys for Plaintiff and the Proposed Collective*