UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELORES FEATHERSTONE,
ET AL.,
         Plaintiffs,

v.
                                  Civil Case No. 23-10362
                                  Honorable Linda V. Parker

FCA US, LLC
         Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF NO. 29)

    This is a putative collective action by Plaintiffs Delores Featherstone, Tadeusz Golebieski, Corrie Merrow, Kelly Dawn Davis, Lisa Marks, Michael Ruffcorn, Jimmy Tillman, Robert D. Haley, Jr., Farrah Rodriguez, and Elizabeth Salazar (collectively "Plaintiffs[1]"), alleging willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS § 105 *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* (the "Illinois Wage Acts"), the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03, and the Ohio Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A) (the "Ohio Wage Acts").  This matter is

---

[1] Additional Opt-In Plaintiffs include: Ronald Haynie; Steve Shallenberger; LaToya Bradford; Torry Townsend, Sr.; Krzysztof T. Pilarski; LaKeysha Tyler; Benjamin Thompson; Sarah Shultz; Jason M. Hood; Kimberly A. Moniuszko; Miracle Lilly; Jayme A. Cruz; DeJuan White; Jesus Rodriguez; Monica Turner; Cornisha Robinson; and Briana Sims. (*See* ECF Nos. 5, 13, 15-18, 20-21, 23-24.)

presently before the Court on FCA US, LLC ("Defendant")'s motion to dismiss
pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 29.)

The motion has been fully briefed.  (ECF Nos. 29, 31, 33.)  Finding the facts
and legal arguments adequately presented in the parties' filings, the Court is
dispensing with oral argument pursuant to Eastern District of Michigan Local Rule
7.1(f).  For the following reasons, the Court is denying Defendant FCA's motion.

## I.      Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *RMI
Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).
Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short
and plain statement of the claim showing that the pleader is entitled to relief."  To
survive a motion to dismiss, a complaint need not contain "detailed factual
allegations," but it must contain more than "labels and conclusions" or "a
formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders
'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556
U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a
motion to dismiss, a complaint must contain sufficient factual matter, accepted as
true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*,

550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007) ("A district court considering a defendant's motion to dismiss under Rule 12(b)(6) must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's allegations as true.").  This presumption is not applicable to legal conclusions, however.  *Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss.  *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)).  A court that considers such matters must first convert the motion to dismiss to one for summary judgment.  *See* Fed. R. Civ. P 12(d).  However,

3

"[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the
[c]omplaint and any exhibits attached thereto, public records, items appearing in
the record of the case and exhibits attached to [the] defendant's motion to dismiss,
so long as they are referred to in the [c]omplaint and are central to the claims
contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430
(6th Cir. 2008).

## II.    Factual Background

Plaintiffs allege that Defendant FCA is the eighth largest automaker in the
world with annual revenues that often exceed $100 billion.  (ECF No. 25 ¶¶ 2-3.)
Defendant FCA's brands include Abarth, Alfa Romeo, Chrysler, Dodge, Fiat, Fiat
Professional, Jeep, Lancia, Maserati, and RAM.  (*Id.* ¶ 2.)  Plaintiffs further allege
that they are, or were, employed by Defendant FCA as hourly employees in seven
facilities across three states: four in Michigan, two in Ohio, and one in Illinois.[2]
(*Id.* ¶¶ 14-23.)

Plaintiff Delores Featherstone is currently employed as an Assembly
Worker, having worked at multiple locations, including Defendant FCA's Warren
Truck Assembly and Jefferson North Assembly facilities in Michigan, with a base
hourly rate of $18.54.  (*Id.* ¶ 14.)  Plaintiff Corrie Merrow is currently employed as

---

[2] Defendant FCA states that there is only one Ohio facility where Plaintiffs state
that there are two.  *Compare* ECF No. 29 at PageID. 162, *with* ECF No. 25 at
PageID. 125 ¶¶ 21-23.  This discrepancy does not impact the Court's analysis.

a Production Operator, having also worked at multiple locations, including Defendant FCA's Sterling Heights and Warren Truck Assembly facilities in Michigan, with a base hourly rate of $27.46.  (*Id.* ¶ 16.)  Plaintiff Tadeusz Golebieski was employed as a Welder Repair at Defendant FCA's Warren Stamping Plant facility in Michigan with a base hourly rate of $37.05.  (*Id.* ¶ 15.)

Plaintiffs Farrah Rodriguez and Elizabeth Salazar are currently employed as Assembly Workers at Defendant FCA's Toledo Assembly Complex facility in Toledo, Ohio with base hourly rates of $33.77 and $24, respectively.  (*Id.* ¶ 22-23.)  Plaintiff Robert D. Haley, Jr. is currently employed as a Stock Worker at Defendant FCA's Toledo North Assembly Plant facility in Toledo, Ohio with a base hourly rate of $33.71.  (*Id.* ¶ 21.)

Plaintiffs Michael Ruffcorn, Kelly Dawn Davis, and Jimmy Tillman were employed at Defendant FCA's Belvedere Assembly facility in Illinois.  (*Id.* ¶ 17, 19-20).  Plaintiffs Kelly Dawn Davis and Jimmy Tillman were both employed as Line Workers with base hourly rates of $32.68 and $31, respectively.  (*Id.* ¶ 17, 20.)  Plaintiff Michael Ruffcorn was employed as an Assembly Worker with a base hourly rate of $31.73.  (*Id.* ¶ 19.)  Plaintiff Lisa Marks is currently employed at Defendant FCA's Belvedere Assembly facility as a Production Operator with a base hourly rate of $31.77.  (*Id.* ¶ 18.)

Plaintiffs allege that Defendant FCA failed to compensate them at the appropriate overtime rate. (*Id.* ¶ 30.) They allege that Defendant FCA failed to include shift differentials and non-discretionary bonuses paid to calculate their correct overtime.[3] (*Id.*) Plaintiffs allege that they would earn extra, shift differential pay, by working second or third shifts. (*Id.* ¶ 33.) Plaintiffs further allege that they were eligible for, and regularly received, various non-discretionary bonuses in addition to their base hourly and any shift differential pay. (*Id.* ¶ 36.)

According to Plaintiffs, Defendant FCA failed to take these shift differential and non-discretionary bonuses into consideration when calculating its employees' hourly regular and overtime rate of pay. (*Id.* ¶ 38.) They allege that, as a result, Defendant FCA failed to pay the proper overtime rate of pay, 1.5 times the regular rate, under the FLSA. (*Id.* ¶ 38-39.)

In essence, Plaintiffs allege that: (1) they regularly worked in excess of forty hours a week and were paid some overtime for those hours but at a rate that does not include shift differentials and non-discretionary bonuses, (*see id.* ¶ 48), and (2)

---

[3] Plaintiffs allege that a "shift differential" is "compensation at a higher wage or rate because of undesirable hours, or disagreeable work." (ECF No. 25 ¶ 32). They further allege that second shift is any shift that regularly starts on or after 11:00 a.m. but before 7:00 p.m.; while third shift is any shift that regularly starts on or after 7:00 p.m. but before 4:00 a.m. (*Id.* ¶¶ 34-35.)

Defendant FCA failed to pay regular overtime hours at 1.5 times their base rate (*see id.* ¶ 54).

As a result of the above-allegations, Plaintiffs bring this five-count Complaint alleging violations of: (I) the FLSA – failure to pay overtime – by all Plaintiffs; (II) the Illinois Minimum Wage Law by Plaintiffs Davis, Marks, Ruffcorn, and Tillman; (III) the Illinois Wage Payment and Collection Act by Plaintiffs Davis, Marks, Ruffcorn, and Tillman; (IV) the Ohio Minimum Fair Wage Standards Act by Plaintiffs Haley, Rodriguez, and Salazar; and (V) the Ohio Prompt Pay Act by Plaintiffs Haley, Rodriguez, and Salazar.

i.    *Incorporation of Exhibits*

"A court may only consider 'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgement.'" *Rondingo, LLC v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (alteration in original) (quoting *Bassett*, 528 F.3d at 430).

Rule 12(d) states that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent

to the motion." Fed. R. Civ. P. 12(d).  If the Court were to convert Defendant's motion to dismiss to one for summary judgment, it would need to give Plaintiff "'a reasonable opportunity to present all material made pertinent' by Rule 56 as required by [Rule 12(b)]." *Allstate Ins. Co. v. LG&E Energy, LLC*, 201 F. App'x 311, 315 (6th Cir. 2006).  Further, "a grant of summary judgment is improper if the non-movant is given insufficient opportunity for discovery." *White's Landing Fisheries, Inc. v. Bucholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994).  Plaintiff has not had a reasonable opportunity for discovery.  The Court will therefore not convert Defendant's motion to one for summary judgment.

In support of Defendant FCA's motion to dismiss, it relies heavily on exhibits not properly before the Court. Defendant FCA relies on a collective bargaining agreement ("CBA"), training materials for their Corporate Automated Timekeeping System ("CATS"), pay stubs, and a Pay Period History Report for Plaintiff Featherstone.  Specifically, Defendant FCA argues that it is FLSA compliant and produces Plaintiff Dolores Featherstone's pay stubs and Pay Period History Report to argue this point.  (*See* ECF No. 29 at PageID. 167-180.)

While Plaintiffs directly reference their pay stubs in the Complaint, they did not attach any exhibits.  (*See* ECF No. 25.)  Further, by directly referencing their pay stubs, Plaintiffs have indirectly referenced their pay history.  *See Berry Trading, Inc. v. Transp. Ins. Co.*, 754 F. App'x 370, 378 n.2 (6th Cir. 2018)

(allowing consideration of plaintiff's lease agreement on a Rule 12(b)(6) motion where it was indirectly referenced in the complaint).

The Court will consider the pay stubs and Pay Period History Report for Plaintiff Featherstone, as they are referenced in Plaintiffs' Complaint and central to their claims.  (*See* ECF No. 25 ¶¶ 49-50, 55 (referencing Plaintiff Featherstone's pay stub); *see also id.* ¶ 51 (referencing Opt-In Plaintiff Sarah Schultz's pay stub)).

The Court, however, cannot consider the CATS training materials or the CBA without first converting the motion to one for summary judgment.  *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (internal citation and quotation omitted) ("This circuit has . . . held that documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").  Defendant FCA argues that the Court can consider these materials despite Plaintiffs not referencing them and cites to *Minch v. City of Chicago*, 486 F.3d 298 (7th Cir. 2007) and *Robinson v. V&S Detroit Galvanizing, LLC*, 195 F. Supp. 3d 916 (E.D. Mich. 2006) for support.

However, these cases are distinguishable.  First, in *Minch*, while the CBA was not referenced in the plaintiff's complaint, "the Chicago City Council . . . formally adopt[ed] the CBA and enact[ed] it into law," and "courts may take judicial notice of local ordinances without resorting to summary judgment

procedures." *Minch*, 486 F.3d at 300 n.3 (alterations added).  Next, in *Robinson*,

the CBA was "referenced in [p]laintiff's complaint and [was] central to his

claims." *Robinson*, 195 F. Supp. 3d at 920.

Here, the parties point to no such local ordinance, or other rule or statute,

with an origin founded in the parties' CBA by which the Court could take judicial

notice.  Additionally, Plaintiffs' Complaint did not reference either the CBA or

CATS training materials, explicitly or implicitly.  The Court declines to consider

these materials as doing so would require the Court to treat the motion as one for

summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 12(d).

   ii.   <u>*Parties' Arguments*</u>

Turning to Defendant FCA's arguments, it argues that: (1) in response to

Plaintiffs' claim that they did not receive proper shift differential pay, although it

used a different calculation, Defendant FCA paid employees "shift premiums" or

"shift differentials" in satisfaction of the FLSA (*see* ECF No. 29 at PageID. 167);

(2) in response to Plaintiffs' claim that Defendant FCA did not include bonuses

paid to Plaintiffs in the calculation of their regular rate for purposes of calculating

their overtime rate, Defendant FCA argues that it complied with the FLSA by

making overtime adjustment payments after paying non-discretionary bonuses (*see*

*id.* at PageID. 178); (3) in response to Plaintiffs' claim of not being properly paid

for overtime hours, Defendant FCA argues that Plaintiffs did not actually work overtime hours, despite being paid for more than forty hours in a workweek; and (4) Plaintiffs state law claims are identical to their FLSA claims and lack any basis to continue their state law claims.

### III.   Legal Analysis

<u>Fair Labor Standards Act Claim</u>

The FLSA proscribes that the maximum regular workweek for nonexempt employees is forty hours. *See* 29 U.S.C. § 207(a)(1). Where workweeks exceed forty hours, the FLSA specifies that nonexempt employees are entitled to overtime pay for hours worked beyond that number "at a rate not less than one and one-half times the regular rate" of pay. *Id.*

To state a prima facie case of entitlement to overtime pay under the FLSA, a plaintiff must allege: (1) that the defendants are engaged in commerce as defined by FLSA; (2) plaintiffs are employees as defined by FLSA; and (3) as employees for defendants, plaintiffs worked more than forty hours a week and were not paid overtime compensation for the hours worked in excess of forty hours. *Gifford v. Meda*, No. 09–13486, 2010 WL 1875096, at *22 (E.D. Mich. May 20, 2010) (citing *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007)). "Where the plaintiff alleges violations of the FLSA's minimum and overtime wage provisions, the complaint should, at least approximately, allege the hours worked

11

for which these wages were not received." *Id.* (citing *Zhong*, 498 F. Supp. 2d at 628).

Plaintiffs have adequately alleged, and Defendant FCA does not dispute, that the first two elements of an FLSA overtime claim are satisfied.  (*See* ECF No. 25 ¶ 12 ("Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engaged in interstate commerce"); *see also* 29 U.S.C. § 203(s)(1)(A)(i)-(ii) (defining an "enterprise engaged in commerce" as "an enterprise that has employees engaged in commerce or in the production of goods for commerce . . . and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.")).  Plaintiffs have also provided examples of alleged work hours for which wages were not received.  (*See* ECF No. 25 ¶¶ 49-51, 55.)

Defendant FCA disputes the third element – whether Plaintiffs worked more than forty hours in a workweek and whether they were paid for their work in excess of forty hours per week.  It does this by disputing the merit of Plaintiffs' allegations, not whether, taken as true, they state a claim for relief.  For example, much of Defendant FCA's motion argues that it compensated Plaintiffs' "shift premium" rate in a manner consistent with 29 C.F.R. § 778.210, which, it argues, is FLSA compliant.  (ECF No. 29 at PageID. 167-74.)  In response to Plaintiffs' claim that their bonuses were not included in their regular rate for overtime

12

purposes, Defendant FCA argues that their bonus calculations were compliant with 29 C.F.R. § 778.209.  (*Id.* at PageID. 174-80.)  These arguments speak to the merits of Plaintiffs' allegations, they do not speak to the issue presently before the Court: Whether the allegations in the complaint are sufficiently pled to state a claim for relief?  The Court concludes that the allegations are sufficient.

Similarly, with respect to Defendant FCA's argument that Plaintiffs did not work more than forty hours in a workweek, their argument rests on the contention that Plaintiffs' break, or "unworked," time is calculated into their pay and, while Plaintiffs' pay may indicate work for more than forty hours, due to their break period being included in the calculation, Plaintiffs truly worked less than forty hours. (*See id.* at PageID. 180-84.)

Support for Defendant FCA's argument lies in the CBA, the CATS training materials, and Plaintiff Featherstone's Pay Period History Report.  (*See id.*)  The Court has excluded from its consideration the CBA and the CATS training materials.  It appears, however, that those two documents illustrate how the Pay Period History Report is fashioned.  (*See* ECF No. 29 at PageID. 181-82.)  While Plaintiff Featherstone's Pay Period History Report argues that during the pay period between January 31, 2022, and February 6, 2022, she worked 38.7 hours in "Actual Time" and received 2 hours of "Paid Break" for a total of 40.7 hours in that pay period, the Court has to accept the facts in the light most favorable to

Plaintiffs.  In doing so, the Court finds that they have adequately alleged facts sufficient to support a claim for an FLSA violation – that they worked more than forty hours in a workweek for which they were not properly compensated. Defendant FCA's calculations argue the merits of Plaintiffs' claims, not the sufficiency of them.  Thus, Defendant FCA's motion to dismiss this claim is denied.

Plaintiffs' State Law Claims

Defendant FCA argues that Plaintiffs' State law claims are identical to their FLSA claim and fail for the same reasons that the FLSA claim fails.  (*See id.* at PageID. 184.)  Because Plaintiffs' FLSA claim does not fail to state a claim, Plaintiffs' similar state law claims do not fail to state a claim.  Therefore, Defendant FCA's motion to dismiss these claims are denied.

**IV.   Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 29) is **DENIED**.

**SO ORDERED**.

s/ Linda V. Parker_____<br>LINDA  V. PARKER<br>U.S. DISTRICT JUDGE

Dated: March 29, 2024