## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| DELORES FEATHERSTONE, TADEUSZ GOLEBIESKI, CORRIE MERROW, KELLY DAWN DAVIS, LISA MARKS, MICHAEL RUFFCORN, JIMMY TILLMAN, ROBERT D. HALEY, JR., FARRAH RODRIGUEZ, and ELIZABETH SALAZAR, individually and on behalf of all others similarly situated, | : : : : : : : : : : : | |
| Plaintiffs, | : | Case No: 2:23-cv-10362 |
| v. | : : : | Hon. Linda V. Parker |
| FCA US, LLC, a Michigan limited liability company, | : : : : | Mag. Kimberly G. Altman |
| Defendant. | : : : | |

**OPINION AND ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, APPOINTMENT OF CLASS REPRSENTATIVE AND CLASS COUNSEL, <u>AND CERTIFICATION OF SETTLEMENT CLASS</u>**

This matter is before the Court on the unopposed motion by Plaintiffs

Delores Featherstone, Tadeusz Golebieski, Corrie Merrow, Kelly Dawn Davis,

Lisa Marks, Michael Ruffcorn, Jimmy Tillman, Robert D. Haley, Jr., Farrah

Rodriguez, and Elizabeth Salazar, on behalf of themselves and similarly situated

employees of Defendant FCA US, LLC, for preliminary Approval of the parties'

settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and 29 U.S.C. § 201, *et seq*.

Plaintiffs, without opposition by Defendant, seeks an Order: (1) preliminarily certifying the class and collective claims for settlement purposes only under Rule 23 and the Fair Labor Standards Act, 29 U.S.C, §§ 201, *et seq*. ("FLSA"); (2) preliminarily approving the parties' Settlement; (3) preliminarily appointing Plaintiffs as the representative of, and as counsel ("Class Counsel") for, the Settlement Class Members; (4) approving the parties' proposed form for providing Notice of the Settlement to Class Members and the form of the Exclusion Request for those Class Members wishing to be excluded from the Settlement; and (5) scheduling a hearing on the final approval of the Settlement and approval of the application of Class Counsel and Plaintiffs for their requested attorneys' fees, litigation expenses, and service awards.

Having considered the papers filed in support of the motion, the arguments of counsel, and the law, the Court now enters this Order and **FINDS**, **CONCLUDES**, and **ORDERS** as follows:

1.    All initial-capped terms contained herein, unless otherwise defined, shall have the same definitions as set forth in the Settlement Agreement, which is attached as Exhibit 1 to Plaintiffs' unopposed motion for preliminary approval.

2

2. The Court conditionally certifies the Settlement Class, and conditionally finds that, solely for the purposes of approving this Settlement and for no other purpose and with no other effect on this litigation, the Settlement Class meets the requirements for certification under Rule 23(a), (b), and (e).  Accordingly, for purposes of approving this Settlement under Rule 23(a) and (b)(3), and 29 U.S.C. § 216(b), the Court finds: (a) the Settlement Class is ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the members of the Settlement Class; (c) certain claims of the Named Plaintiffs are typical of the claims of the members of the Settlement Class; (d) the Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class; (e) questions of law and fact common to members of the Settlement Class predominate over individual questions; and (f) a class action is superior to the other available methods for an efficient resolution of this controversy in the context of settlement.

3. The Court therefore conditionally certifies, for settlement purposes only and pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and 29 U.S.C. §§ 201, *et seq.*, the following Settlement Class:

> All current and former hourly employees who worked for Defendant at any of its United States facilities from February 10, 2020 through May 12, 2025.

4.     The Court finds that several changes to their proposed settlement

procedure are necessary.  First, prior to sending the settlement notice, the Parties

must change the language on the back of the settlement checks to state as follows:

> **PAYEE'S ENDORSEMENT REQUIRED**. My signature
> constitutes consent to join in the Federal Fair Labor Standards Act
> ("FLSA") portion of this action and have the Named Plaintiff and her
> counsel represent me and file a copy of my endorsement/consent with
> the court in this action pursuant to 29 U.S.C. § 216(b). By signing, I
> knowingly and voluntarily release, waive, and discharge FCA US,
> LLC and all other Released Parties, from any and all federal, state,
> and local wage and hour claims of any nature whatsoever that accrued
> during my employment with FCA between February 10, 2020 and
> May 12, 2025, including, but not limited to, all federal, state, and local
> claims for overtime, minimum wage, and related penalties, interest,
> liquidated damages, attorneys' fees, and costs in United States District
> Court Case Number 23-cv-10362.

Second, the Parties must amend the settlement notice to match this language from

the back of the settlement checks. Third, prior to the final approval hearing, the

Settlement Administrator (or the Parties' counsel) must file a list of all class

members who endorsed a check along with an affidavit from the Settlement

Administrator verifying the accuracy of the list.

5.     The Court has considered the factors set forth under Rule 23(e), including:

whether class counsel has adequately represented the class; whether the proposal

was negotiated at arm's length; whether the proposal treats class members

equitably relative to each other; and whether the relief provided to the class is

adequate.  In determining whether the relief is adequate, the Court has considered

the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims; the terms of the proposed award of attorneys' fees, including the timing of payment; and whether there was any agreement required to be identified under Rule 23(e)(3).  Based on these considerations, the Court finds that, for purposes of preliminary approval, the proposed Settlement Agreement is fair on its face.  The Court therefore finds, on a preliminary basis, that the proposed terms of the Settlement Agreement set forth in Exhibit 1 to Plaintiffs' unopposed motion for preliminary approval are reasonable, and grants preliminary approval of the proposed Settlement (with the modifications ordered herein).

6.      The Court also finds, on a preliminary basis, that the Settlement is fair and reasonable to the Settlement Class Members when balanced against the probable outcome of further litigation relating to class and collective action certification, liability, and damages issues, and potential appeals of rulings.  The Court further finds that significant investigation, research, litigation, and formal and informal discovery have been conducted such that counsel for the parties are able to reasonably evaluate their respective positions.  The Court further finds that settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation.

7.     Based on a review of the papers submitted by the parties, the Court finds that the Settlement Agreement is the result of arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of the claims.  The assistance of an experienced mediator in the settlement process supports the Court's conclusion that the proposed settlement is non-collusive.  The Court finds on a preliminary basis that the Settlement is within the range of reasonableness of a settlement that could ultimately be given final approval by this Court, and hereby grants preliminary approval of the Settlement.

8.     The Court conditionally appoints Plaintiffs Delores Featherstone, Tadeusz Golebieski, Corrie Merrow, Kelly Dawn Davis, Lisa Marks, Michael Ruffcorn, Jimmy Tillman, Robert D. Haley, Jr., Farrah Rodriguez, and Elizabeth Salazar, to represent the Settlement Class for settlement purposes only.

9.     The Court conditionally appoints Jesse L. Young of Sommers Schwartz, P.C. as Class Counsel for the Settlement Class for settlement purposes only.

10.     The Court appoints Atticus Administration, LLC as the Settlement Administrator and preliminarily approves the budgeted Settlement Administration Costs.  The Settlement Administrator will prepare final versions of the Notice and Exclusion Request forms, incorporating the relevant dates and deadlines set forth

in this Order and the Settlement Agreement, and will carry out the notice procedures set forth in the Settlement Agreement and this Order.

11.   The Court concludes that the form of Notice, as well as the procedure set forth in the Settlement Agreement for providing notice to the Settlement Class Members, will provide the best notice practicable under the facts and circumstances of this case.  There is no alternative method of notice that would be more practical or more likely to notify Settlement Class Members of the terms of the Settlement.  The Notice to the Settlement Class fairly, plainly, accurately, and reasonably informs members of the Settlement Class of: (a) the nature of the Action, the definition of the Settlement Class, the identity of Class Counsel, and the essential terms of the Settlement Agreement, including the plan of allocation of the Net Settlement Amount into Individual Settlement Awards; (b) the Named Plaintiffs' and Class Counsel's applications for Class Representative Service Awards, and Class Counsel's request for attorneys' fees and litigation expenses; (c) how to participate in and receive proceeds under the Settlement; (d) how to object to or request exclusion from the Settlement; and (e) how to obtain additional information regarding the Action and the Settlement.  The Court thus finds that the notice requirements for class and collective actions are satisfied.

12.    All proceedings and all litigation of the Action, other than those pertaining to the administration of the Settlement, are stayed pending the Final Approval Hearing.

13.    The requested preliminary approval of the Settlement and the certification of the Settlement Class are undertaken on the condition that they shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in part by the Court, or any appellate court and/or other court of review in which event the Settlement Agreement, and the fact that it was entered into, shall not be offered, received, or construed as an admission or as evidence for any purpose, including but not limited to an admission by any party of liability or non-liability or of the certifiability of a litigation class or the appropriateness of maintaining a representative action.

14.    The Court will conduct a Final Approval Hearing on **August 25, 2026 at 2:00 p.m.**, where it will make a determination on: (i) whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court; (ii) the amount of attorneys' fees and litigation expenses that should be awarded to Class Counsel; and (iii) the amount of the Class Representative Service Awards that Plaintiffs should receive.  The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines without further notice to the Settlement Class Members.

15.     The Parties and the Settlement Administrator will comply with the following schedule for the Settlement Administration and final approval process:

| Due Date | Activity |
|---|---|
| May 1, 2026 | Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval |
| May 8, 2026 | Defendants provide the Class Information for the Class Members to Settlement Administrator (7 days from Preliminary Approval) |
| May 22, 2026 | Settlement Administrator to mail Class Notice to the Class Members. (No later than 14 days from receiving the Class Information) |
| June 22, 2026 | Last day for Class Members to Object to the Settlement (30 days from Initial Mailing of Class Notice) |
| June 22, 2026 | Last day for Class Members to submit a Request for Exclusion (30 Days from Initial Mailing of Class Notice). |
| July 21, 2026 | Deadline for Class Counsel to File Motion for Final Approval of the Settlement, Declaration from Administrator<br><br>Deadline for Class Counsel to File Motion for Approval of Attorneys' Fees, Litigation and Settlement Administration Expenses, and Class Representative Service Awards |
| August 25, 2026 at 2:00 p.m. | Date for Final Approval Hearing |

16.     In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of before entering into the Settlement

9

Agreement. The Court's findings are for purposes of certifying a settlement class and to settle the matter and will not have any claim or issue preclusion or estoppel effect in any other action against Defendants, or in this action, if the Settlement is not finally approved.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 1, 2026

10