**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

DELORES FEATHERSTONE, TADEUSZ GOLEBIEWSKI, CORRIE MERROW, KELLY DAWN DAVIS, LISA MARKS, MICHAEL RUFFCORN, JIMMY TILLMAN, ROBERT D. HALEY, JR., FARRAH RODRIGUEZ, and ELIZABETH SALAZAR, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

FCA US, LLC, a Michigan limited liability company,

Defendant.

Case No: 2:23-cv-10362

Hon. Linda V. Parker

Mag. Kimberly G. Altman

**ORDER GRANTING**
**FINAL APPROVAL OF SETTLEMENT**

This matter has come before the Court on the Unopposed Motion for Final Settlement Approval by Plaintiffs Delores Featherstone, Tadeusz Golebiewski, Corrie Merrow, Kelly Dawn Davis, Lisa Marks, Michael Ruffcorn, Jimmy Tillman, Robert D. Haley, Jr., Farrah Rodriguez, and Elizabeth Salazar ("Plaintiffs"), on behalf of themselves and similarly situated employees of Defendant FCA US, LLC ("Defendant") (together, the "Parties"), for final approval of the Parties' Joint Stipulation of Class/Collective Action Settlement (hereinafter the "Settlement

Agreement") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and 29 U.S.C §§ 201, *et seq*. All capitalized terms in this Order shall have the same meaning as defined in the Settlement Agreement herein, unless otherwise defined in this Order.

Having considered the papers filed in support of the motion, the arguments of counsel, and the law, the Court now enters this Order and **FINDS**, **CONCLUDES**, and **ORDERS** as follows:

1. The Motion is **GRANTED**, and the settlement of this action is **FINALLY APPROVED** because the Settlement satisfies the criteria described in Federal Rule of Civil Procedure 23(e)(2) and the settlement class satisfies the criteria described in Civil Rules 23(a) and 23(b)(3). *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

2. The Court has jurisdiction over the subject matter of this litigation and over all parties to this action, including the Class Members, as such terms are defined in the Settlement Agreement.

3. The Court has determined that the Notice given to Class Members fully and accurately informed Class Members of all material elements of the proposed settlement, constituted valid, due, and sufficient notice to all Class Members, and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4. All Class Members, except the 13 Class Members who requested

exclusion, are bound by the settlement, including all releases of claims contained in the Parties' Settlement Agreement.

5. The 13 Class Members who requested exclusion from the Settlement by properly submitting request for exclusion form by the date set by the Court are not bound by the Settlement, have not released any claims, and will not obtain any monetary or other benefits of the Settlement.

6. No Class Members submitted any objections to the Settlement.

7. The Court appoints Jesse L. Young of Sommers Schwartz, P.C. as Class Counsel.

8. The Court appoints Plaintiffs Delores Featherstone, Tadeusz Golebiewski, Corrie Merrow, Kelly Dawn Davis, Lisa Marks, Michael Ruffcorn, Jimmy Tillman, Robert D. Haley, Jr., Farrah Rodriguez, and Elizabeth Salazar, to represent the Class Members.

9. The following amounts shall be distributed by the Settlement Administrator from the Gross Settlement Amount of $3,795,000:

a. Attorneys' fees to be paid to Class Counsel in the amount of $1,265,000.00;

b. Litigation expenses to be paid to Class Counsel in an amount not to exceed $25,000;

c. Settlement administration fees to Atticus Administration, LLC, in an amount not to exceed $196,000;

d. An estimated net fund of $2,286,673.33 to be paid to the 67,959

Class Members (any uncashed check proceeds will be paid to the designated *cy pres* beneficiary); and

e. Class Representative service awards to the Named Plaintiffs in the cumulative amount of $32,500 which shall be distributed as follows:

i. $10,000 to Delores Featherstone; and

ii. $2,500 each to: Tadeusz Golebiewski, Corrie Merrow, Kelly Dawn Davis, Lisa Marks, Michael Ruffcorn, Jimmy Tillman, Robert D. Haley, Jr., Farrah Rodriguez, and Elizabeth Salazar.

10. The Court grants final approval of the Settlement of this action in accordance with the terms of the parties' Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate in all respects.

11. The Court hereby dismisses this action, and all claims and causes of action asserted therein, on the merits and with prejudice, as to Plaintiffs and all Class Members. This dismissal is without costs to any party, except as specifically provided in the Settlement Agreement.

12. Without affecting the finality of this Order in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court until each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement; (b) any other action necessary to conclude this settlement and to implement the Settlement Agreement; and (c) the enforcement, construction, and

interpretation of the Settlement Agreement.

13. This Order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by Defendant. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Defendant, Plaintiffs, or the Class Members.

14. The terms of the Settlement Agreement remain binding upon the parties thereto, who are directed to implement its provisions.

15. The Court hereby enters final judgment in accordance with the terms of the Settlement Agreement, the Preliminary Approval Order (ECF No. 55) entered on May 1, 2026, and this Order.

16. This document will constitute a final judgment for purposes of Rule 58, Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 28, 2026